**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**In re:**

    **David J. Reynoso**
    *aka* **David Morillo**
    *aka* **David Valera**
    *aka* **David Reynolds,**

                      **Debtor.**

**Case No. 22-71044-AST**

**Chapter 7**

---

### **ORDER DENYING MOTION TO VACATE**

For the reasons set forth herein, the Court orders that the Motion to Vacate the Order of Discharge (the "Motion to Vacate")[dkt item 53], filed by creditor Clemence Toussin, be denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

On May 11, 2022, Debtor filed a petition for bankruptcy relief under chapter 7 of title 11 of the United States Code [dkt item 1], thereby commencing this Case.

On October 5, 2022, the case trustee filed a Report of No Distribution [dkt notation at October 5, 2022].

On October 13, 2022, Toussin filed a letter [dkt item 33], requesting that Debtor provide to her a copy of his federal tax return.

On October 24, 2022, creditor Driveway Financial Corporation filed a Reaffirmation Agreement [dkt item 34]. The next day, on October 25, 2022, an Order for Discharge was entered. However, because the Reaffirmation Agreement had not yet been considered by the Court, the Order for Discharge was entered by an administrative error. Accordingly, on November 9, 2022, the Court entered an order vacating the discharge [dkt item 46]. The Reaffirmation Agreement came for hearing on November 17, 2022 and was approved.

On November 21, 2022, the Court entered an Order [dkt item 49], denying a Motion for

1

Relief from Stay that had been filed by Toussin [dkt item 11]. That order was not appealed.

On January 4, 2023, Toussin filed a Motion to Dismiss Case [dkt item 50]. In the Motion to Dismiss Case, Toussin made various allegations which, on their face, did not support dismissal of this case. Further, by that point, this case was fully administered, Debtor was in a position to receive his discharge, and this case was in a position to be closed under § 350 of title 11 of the United States Code (the "Bankruptcy Code").[1] Accordingly, on March 1, 2023, the Court entered an Order Denying the Motion to Dismiss [dkt item 51]. Contemporaneously, it also entered an Order of Discharge [dkt item 52], thereby discharging all dischargeable debts.

On March 3, 2023, Toussin filed the instant Motion to Vacate, asking that the Court vacate the Order Denying the Motion to Dismiss and the Order of Discharge.

## II. DISCUSSION

### A. Applicable Law on a Request for Vacatur

Toussin fails to cite a legal basis for her request for the relief of vacatur. The Court treats the Motion to Vacate as seeking relief under Federal Rule of Civil Procedure ("Rule") 59(e), which is made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023, *In re Flatbush Square, Inc*., 508 B.R. 562, 568 (Bankr. E.D.N.Y. 2014), and is commonly cited as the procedural ground for vacating an order.

Technically, Rule 59(e) does not provide for "vacatur." Rather, it permits a court to "alter or amend" a judgment—but does not enumerate specific grounds for such alternation or amendment. *See id.* Case law, however, provides guidance as to those grounds. The Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or

---

[1] Hereinafter, any reference to "section[s]" or "§[§]" shall refer to the indicated section(s) of the Bankruptcy Code.

prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotations and citation omitted). To satisfy the "clear error" threshold, relief is "appropriate only when a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." *In re Flatbush Square, Inc.*, 508 B.R. at 569 (quoting *Corines v. Am. Physicians Ins. Trust,* 769 F.Supp.2d 584, 593–594 (S.D.N.Y. 2011)). Further, reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

### B. Analysis

Toussin argues that vacatur is proper because the Court declined to dismiss Debtor's case under § 521(e)(2)—despite the fact that Toussin had requested a copy of Debtor's tax return, which Debtor, in turn, failed to provide to her.

Section 521(e)(2) provides that:

(A)   The debtor shall provide—

    (i)   not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and

    (ii)   at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that *timely requests* such copy.

11 U.S.C. § 521(e)(2)(A)(emphasis added). If a creditor requests a copy of a tax return pursuant to § 521(e)(2), but "the debtor fails to provide a copy of such tax return . . . to such creditor ***at the***

*time the debtor provides such tax return . . . to the trustee*, then the court shall dismiss the case unless the debtor demonstrates that the failure to provide a copy of such tax return . . . is due to circumstances beyond the control of the debtor." 11 U.S.C. § 521(e)(2)(C)(emphasis added).

Section 521(e)(2) requires that the tax return be provided by a debtor to the trustee "not later than 7 days before the date first set for the first meeting of creditors." Here, the first date set for the first meeting of creditors was June 22, 2022. *See* Dkt. notation at May 11, 2022— meaning that Debtor had to submit the required tax return to the trustee by June 15, 2022. Toussin, however, admits that she did not request the tax returns from Debtor until October 13, 2022— some four months later. As such, Toussin's request for the tax return was not made "at the time" Debtor would have provided the tax return to the trustee. Therefore, Toussin's request was untimely and thus cannot now serve as a basis for dismissing the Case. *In re Collins*, 393 B.R. 835, 837 (Bankr. E.D. Wis. 2008)(concluding that legislative history "is a solid indication of the Congressional intent that the deadline for a creditor to request a tax return from a debtor must be made at or before the time the debtor has supplied such return or transcript to the trustee."); *In re Jeffrey*, 2018 WL 1605307, at *11 (Bankr. E.D. Pa. Mar. 29, 2018); *In re Fontaine*, 397 B.R. 191, 193 (Bankr. D. Mass. 2008).

Further, Toussin failed to provide any competent evidence that Debtor did not timely provide the required tax return to the Trustee.

As such, the Court did not commit clear error in denying the Motion to Dismiss, and vacatur is not required to prevent any manifest injustice.

## III.  CONCLUSION

For the foregoing reasons and finding that no other allegation or argument in the Motion to Vacate provides a basis for granting the requested relief, the Court **ORDERS** that the Motion not Vacate be **DENIED**.



Dated: March 10, 2023
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge